UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT
FILED
DEC 2 2 2015
PATRICK J. HEALY, ACTING CLERK
WESTERN DISTRICT OF NY

---

VICKI L. SMITHERS,

           Plaintiff,

    v.

JENNIFER SPECTH, MOLLY KNIGHT, and
PATRICK R. DONAHOE,

           Defendants.

**DECISION AND ORDER**

6:14-cv-06277 EAW

---

## BACKGROUND

Plaintiff Vicki L. Smithers ("Plaintiff") commenced the instant action on May 21, 2014, alleging that she was discriminated against during the course of her employment with the United States Postal Service. (Dkt. 1). On April 22, 2015, Defendants Jennifer Specth, Molly Knight, and Patrick R. Donahoe (collectively "Defendants") filed a motion to dismiss the Complaint, arguing that: (1) Plaintiff has failed to properly serve Defendants; (2) the action should be dismissed for untimely service of process; (3) Specth and Knight are not proper defendants with respect to Plaintiff's employment discrimination claims; and (4) Plaintiff's claims under the New York State Human Rights Law are not cognizable against federal employees. (Dkt. 8, 11). On April 28, 2015, the Court entered an order advising Plaintiff that Defendants had asked the Court to decide the case without a trial and that the claims she asserted in her complaint were subject to dismissal if she failed to respond to the motion. (Dkt. 13). The Court further ordered Plaintiff to submit any papers in opposition to Defendants' motion to dismiss no later

than May 22, 2015. (*Id.*). Plaintiff filed a motion for appointment of counsel on May 21, 2015 (Dkt. 14), but did not file any opposition to Defendants' motion.

## DISCUSSION

"Federal Rule of Civil Procedure Rule 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Federal Rule of Civil Procedure 4(m). Rule 4(m) allows for the dismissal of an action if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. However, if the plaintiff can show good cause for the failure to timely effect service, the court shall extend the time for service for an appropriate period." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 107-08 (S.D.N.Y. 2000).[1] "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. Appx. 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). "'[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency [of service] of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction.'" *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 311 (S.D.N.Y. 2008) (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)).

In this case, each of the Defendants is an officer or employee of the United States of America (specifically, the United States Postal Service). Pursuant to Federal Rule of

---

[1]   Federal Rule of Civil Procedure 4(m) was recently amended to shorten the time for serving the summons and complaint to 90 days. *See* Fed. R. Civ. P. 4(m).

Civil Procedure 4(i)(2) and (3),  to serve an officer or employee of the United States of America in either their official or individual capacities, a plaintiff must serve both the officer or employee and the United States of America.  Fed. R. Civ. P. 4(i)(2), (3).  To serve the United States of America, a plaintiff must either deliver a copy of the summons and the complaint to the United States Attorney for the district where the action is brought or send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's office.  Fed. R. Civ. P. 4(i)(1)(A)(i), (ii).  A plaintiff must also send a copy of both the summons and the complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.  Fed. R. Civ. P. 4(i)(1)(B).

Defendants have submitted a sworn declaration signed by Assistant United States Attorney Mary E. Fleming, the Civil Chief for the Western District of New York, in which she states that a copy of the summons and complaint in this matter was neither served upon nor delivered to the office of the United States Attorney for the Western District of New York.  (Dkt. 9).  Defendants have also submitted a sworn declaration from Elaine E. Hensley, a case control officer employed by the Department of Justice, in which she states that there is no record of the summons and complaint in this matter having been served upon the Attorney General of the United States.  (Dkt. 10).  The docket in this matter confirms that Plaintiff returned executed summons as to the individual defendants, but does not show any attempt by Plaintiff to serve the United States.

Plaintiff has made no response to Defendants' submission.  It is therefore plain on the record before the Court that Plaintiff has not born her burden of showing that service

was sufficient.  Moreover, Plaintiff has not shown good cause for her failure to timely serve the Defendants, and the Court is thus not obligated to extend her time to serve the summons and complaint.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) ("If a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so.") (emphasis added).

However, the Court is concerned that Plaintiff, who is proceeding *pro se*, may have mistakenly believed that the filing of a motion to appoint counsel in some way abrogated her obligation to respond to Defendants' motion.  The Court has reviewed Plaintiff's motion for appointment of counsel (Dkt. 14) and finds that Plaintiff has not demonstrated that counsel should be appointed at this time.  "Unlike criminal cases, there is no requirement that an indigent litigant be appointed pro bono counsel in civil matters."  *Barnes v. Alves*, 10 F. Supp. 3d 382, 384 (W.D.N.Y. 2014).  Pursuant to *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), in determining whether to appoint *pro bono* counsel in a civil case, the court must consider whether plaintiff's position seems likely to be of substance, which is a threshold issue.  *Id.* at 61-62.  Having reviewed the complaint in this matter, the Court is unable to determine at this time that Plaintiff's claims meet this threshold requirement.  The Court also lacks sufficient information to consider the other factors identified in *Hodge*.  The Court therefore declines to appoint *pro bono* counsel to Plaintiff.

- 4 -

However, in the exercise of its discretion (*see Meilleur*, 682 F.3d at 61) and in consideration of Plaintiff's *pro se* status, the Court will grant Plaintiff one final opportunity to file a response to Defendants' motion. Plaintiff's response shall be due on or before **January 21, 2016**. **If Plaintiff fails to file a response by this deadline, her action will be dismissed without further order of the Court**, on the ground that Plaintiff has failed to timely effect service pursuant to Federal Rule of Civil Procedure 4(m).

Furthermore, because the Court finds that Plaintiff's complaint is subject to dismissal for insufficient service of process, it does not reach the merit-based arguments raised in Defendants' motion at this time.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5). The Court further finds that Plaintiff is not entitled to appointed counsel at this juncture and denies Plaintiff's motion to appoint counsel (Dkt. 14). However, in consideration of Plaintiff's *pro se* status and in an abundance of caution, the Court will permit Plaintiff one final opportunity to respond to Defendants' motion. Plaintiff must file her response on or before January 21, 2016. If Plaintiff fails to file a response by this deadline, the Clerk of the Court is instructed to dismiss the case without further order of the Court.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: December 22, 2015
       Rochester, New York