UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICKI L. SMITHERS,

        Plaintiff,

v.

JENNIFER SPECTH, MOLLY KNIGHT, and
PATRICK R. DONAHOE,

        Defendants.

**DECISION AND ORDER**

6:14-cv-06277 EAW

---

## BACKGROUND

Plaintiff Vicki L. Smithers ("Plaintiff") commenced the instant action on May 21, 2014, alleging that she was discriminated against during the course of her employment with the United States Postal Service. (Dkt. 1). On April 22, 2015, Defendants Jennifer Specth, Molly Knight, and Patrick R. Donahoe (collectively "Defendants") filed a motion to dismiss the Complaint. (Dkt. 8). Plaintiff failed to file any opposition to Defendants' motion, but did file a motion for appointment of counsel. (Dkt. 17). The Court entered a Decision and Order on December 22, 2015, denying Plaintiff's motion for appointment of counsel and instructing Plaintiff to file a response to Defendants' motion no later than January 21, 2016. (Dkt. 17). Plaintiff filed a response on January 20, 2016 (Dkt. 18), and Defendants filed a reply on January 26, 2016 (Dkt. 19). For the reasons discussed below, Defendants' motion to dismiss is granted.

## DISCUSSION

"Federal Rule of Civil Procedure Rule 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Federal Rule of Civil Procedure 4(m). Rule 4(m) allows for the dismissal of an action if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. However, if the plaintiff can show good cause for the failure to timely effect service, the court shall extend the time for service for an appropriate period." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 107-08 (S.D.N.Y. 2000).[1] "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. Appx. 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)).

As set forth in detail in the Court's December 22, 2015 Decision and Order (the "December 22nd Decision"), Plaintiff has failed to properly serve Defendants in this matter. Plaintiff's response (Dkt. 18) fails to address the service issue at all and offers no reason why service has not been completed more than 18 months after the Complaint was filed.

Plaintiff is not entitled to an extension of time to serve the Complaint pursuant to Federal Rule of Civil Procedure 4(m) because she has not shown good cause for her failure to serve. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff is also not entitled to additional time to serve pursuant to Federal Rule of Civil Procedure 4(i)(4)

---

[1] Federal Rule of Civil Procedure 4(m) was recently amended to shorten the time for serving the summons and complaint to 90 days. *See* Fed. R. Civ. P. 4(m).

because she has failed to cure the defects in service despite having been informed of them more than nine months ago when Defendants initially filed their motion. *See Kurzberg v. Ashcroft*, 619 F.3d 176, 185 (2d Cir. 2010). Moreover, and as Defendants correctly point out, Rule 4(i)(4) is inapplicable to both Defendant Donahoe and Defendant Knight. (*See* Dkt. 19 at 4-5). The Court therefore finds that the Complaint is subject to dismissal pursuant to Rule 12(b)(5).

The Court further notes that even had the Complaint been timely served, Plaintiff's federal claims against Defendants Specth and Knight would be subject to dismissal for failure to state a claim. Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination" based on gender, race, religion, or national origin. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976); *see also Mitchell v. Chao,* 358 F. Supp. 2d 106, 111 (N.D.N.Y. 2005) ("Title VII is the exclusive remedy for a federal employee suing for employment discrimination."). "In order to commence an action in district court under Title VII, a federal employee alleging discrimination may bring suit **only** against 'the head of the department, agency or unit.'" *Edinboro v. Dep't of Health & Human Servs.*, 704 F. Supp. 364, 365 (S.D.N.Y. 1988) (quoting 42 U.S.C. § 2000e-16(c)) (emphasis added). Similarly, "the only proper party defendant in a suit against the Postal Service under the ADEA is the Postmaster General of the United States." *Healy v. U.S. Postal Serv.*, 677 F. Supp. 1284, 1289 (E.D.N.Y. 1987).

## CONCLUSION

For the reasons set forth above and in the December 22nd Decision and Order, the Court finds that Plaintiff's Complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5). Defendants' motion to dismiss (Dkt. 8) is granted. The Clerk of the Court is instructed to close the case.

SO ORDERED.

                                                          ELIZABETH A. WOLFORD
                                                          United States District Judge

Dated: February 3, 2016
       Rochester, New York